UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROSARIO MARINELLO,<br><br>　　　　Plaintiff,<br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, CTF SOLEDAD,<br><br>　　　　Defendant. | Case No.: C 11-06682 PSG<br><br>**ORDER TO REASSIGN CASE; AND REPORT AND RECOMMENDATION THAT PLAINTIFF ROSARIO MARINELLO'S APPLICATION TO PROCEED** *IN FORMA PAUPERIS* **BE DENIED**<br><br>**(RE: Docket No. 4)** |

On December 28, 2011, Plaintiff Rosario Marinello ("Marinello") proceeding *pro se* filed a complaint and an application to proceed *in forma pauperis*. Based on the application and the file herein,

IT IS HEREBY ORDERED that this case be reassigned to a District Court Judge with the recommendation that Marinello's application to proceed *in forma pauperis* be denied.[1]

Granting or refusing permission to proceed *in forma pauperis* is a matter within the sound discretion of the trial court.[2] It is the court's duty to examine any *in forma pauperis* application "to

---

[1] This court is ordering reassignment to a District Court Judge because, absent consent of all parties, a Magistrate Judge does not have authority to make case-dispositive rulings. *See, e.g., Tripati v. Rison,* 847 F. 2d 548, 549 (9th Cir. 1988).

[2] *See Shobe v. People of State of California,* 362 F.2d 545 (9th Cir. 1966).

Case No.: C 11-6682 PSG　　　　1
ORDER

determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed *in forma pauperis.*"[3] Moreover, a federal court must dismiss an *in forma pauperis* complaint if the complaint is: (1) frivolous; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.[4]

Marinello alleges a claim for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* against the California Department of Corrections and Rehabilitation ("DOCR"). He brought this same claim against the same defendant in January 2008. In that case, Judge Ware granted summary judgment in favor of DOCR and the Ninth Circuit later affirmed the ruling.[5] Once again, as he has done once previously,[6] Marinello pleads facts identical to that of the prior case and covering the same time period. Because Marinello's attempt to raise the same claim against the same defendant appears to lack merit under the doctrine of res judicata, it should not serve as a basis for granting an application to proceed *in forma pauperis.*

**IT IS SO ORDERED**.

Dated: 2/8/2012

PAUL S. GREWAL
United States Magistrate Judge

---

[3] *Smart v. Heinze,* 247 F.2d 114, 116 (9th Cir. 1965).

[4] *See* 28 U.S.C. §1915(e)(2); *see also Neitzke v. Williams,* 490 U.S. 319, 324 (1989).

[5] *See Marinello v. California Dep't of Corrections and Rehabilitation,* No. 5:08-cv-00664-JW.

[6] *Marinello v. California Dep't of Corrections and Rehabilitation,* No. 5:11-cv-05186 PSG.

Case No.: C 11-6682 PSG
ORDER
2